UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ROBERT SANDOVAL, HENRY
SANDOVAL, SR., HENRY SANDOVAL,
JR., AND LINDA SANDOVAL,

      Plaintiffs,

vs.                                    Civ. No. 07-0551 JAP/DJS

MICHAEL POST, in his individual capacity,

      Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Defendant Post's Motion to Compel to (sic) Discovery **[Doc. No. 16]**, filed on January 2, 2008, and fully briefed on January 22, 2008. On October 29, 2007, Defendant Post served Plaintiffs with his First Set of Interrogatories and his First Set of Requests for Production [Doc. No. 11]. On December 12, 2007, Plaintiffs served their answers and objections to Defendant Post's discovery requests [Doc. No. 14]. Defendant Post contends Plaintiffs failed to fully respond to his discovery requests. Specifically, Defendant Post contends Plaintiffs failed to fully respond to Defendant Post's First Set of Interrogatories Nos. 4, 5, 12, 13, 15, 19 and First Requests for Production Nos. 7, 8, 10, and 11.

In their response to Defendant Post's motion to compel, Plaintiffs assert Defendant Post failed to make a good faith effort to resolve the discovery dispute. Plaintiffs contend they have agreed to supplement the information Defendant Post seeks. Therefore, Plaintiffs contend several of the issues raised in the motion to compel have been resolved by agreement.

**I. Discussion**

Discovery plays an important role in our adversarial system: full development of the facts surrounding a matter furthers "the purpose discovery is intended to serve– advancing the quest for truth." *Taylor v. Illinois,* 484 U.S. 400, 430 (1988). Under Rule 26(b)(1) of the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . ." FED.R.CIV.P. 26(b)(1). The Rule's relevancy requirement is to be construed broadly, and material is relevant if it bears on, or reasonably could bear on, an issue that is or may be involved in the litigation. *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 350 (1978). "[H]owever, while '[t]he legal tenet that relevancy in the discovery context is broader than in the context of admissibility . . . ,' the concept of relevancy 'should not be misapplied so as to allow fishing expeditions in discovery.'" *E.E.O.C. v. University of Phoenix, Inc.*, 2007 WL 1302578, *4 (D.N.M. April 10, 2007) (quoting *Martinez v. Cornell Corrs. of Tex.*, 229 F.R.D. 215, 218 (D.N.M.2005)).

The party opposing discovery has the burden of proving the lack of relevance. *Flora v. Hamilton*, 81 F.R.D. 576, 578 (M.D.N.C. 1978). "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." FED.R.CIV.P. 26(b)(1). Hence, the information sought in Defendant Post's First Set of Interrogatories and Request for Production of Documents is not required to be admissible evidence itself, but it must seem reasonably calculated to lead to the discovery of admissible evidence somewhere down the road.

Even if the requested matters are relevant, discovery will not be allowed "where no need is shown, or compliance would be unduly burdensome, . . . ." *Micro Motion, Inc. v. Kane Steel*

*Co., Inc.*, 894 F.2d 1318, 1323 (Fed.Cir. 1990); *see also Smith v. Pfizer*, No. Civ. A. 98-4156-CM, 2000 WL 1679483, *2 (D.Kan. Oct. 26, 2000).  In determining the scope of discovery, the court "must weigh the factors . . . so as not to 'deprive a party of the fair opportunity to develop and prepare a case.'"  *Smith,* 2000 WL 1679483, *2.

In opposing discovery on the grounds of over-breadth, a party has the burden to show facts justifying their objection by demonstrating that the time or expense involved in responding to requested discovery is unduly burdensome.  *Super Film of Am., Inc. v. UCB Films, Inc.*, 219 F.R.D. 649, 651 (D.Kan. 2004).  "'This imposes an obligation to provide sufficient detail in terms of time, money and procedure required to produce the requested documents.'"  *Id.* (quoting *Horizon Holdings, L.L.C. v. Genmar Holdings, Inc.*, 209 F.R.D. 208, 213 (D.Kan. 2002)).  Thus, an objecting party cannot sustain this burden with boilerplate claims that the requested discovery is oppressive, burdensome or harassing.  *See, St. Paul Reinsurance Company, Ltd. v. Commercial Financial Corp.,* 198 F.R.D. 508, 511-13 (N.D.Iowa 2000).

**Interrogatory No. 4**

Interrogatory No. 4 seeks information concerning Plaintiffs' employment history. Defendant Post contends (1) Plaintiff Linda Sandoval failed to list any work history, (2) Robert Sandoval failed to list his dates of employment with Performance Tire Inc. and failed to list any prior employment, (3) Plaintiff Henry Sandoval Jr., failed to list his rate of pay at Henry's Tires, failed to provide the name of his supervisor and failed to provide his reason for leaving, and (4) all Plaintiffs failed to list their compensation from Performance Tire Inc.

Plaintiffs contend "they are not claiming personal loss of income or lost wages with respect to information sought regarding compensation received."  Pls.' Ex. A.  Thus, Plaintiff

3

Linda Sandoval, an elderly woman, objects to providing her employment history "since her eighteenth birthday." Similarly, Plaintiff Henry Sandoval, Jr. objects to providing information regarding his employment as a sole proprietor while doing business as "Henry's Tires" from 1977 to 1989. Finally, Plaintiffs contend their salary or pay from Performance Tire, Inc. is not relevant or reasonably calculated to lead to the discovery of admissible evidence since they do not seek damages in this action for lost income or wages.

Defendant Post did not file a reply to Plaintiffs' response. The Court finds that Plaintiff Linda Sandoval's work history since age 18 is not relevant to any of the claims or defenses in this action and allowing this discovery does not appear reasonably calculated to lead to the discovery of admissible evidence. Plaintiff Henry Sandoval Jr.'s employment as a sole proprietor while doing business as "Henry's Tires" from 1977 to 1989 also is not relevant and too remote in time to be reasonably calculated to lead to the discovery of admissible evidence. However, the Court will allow the discovery of Plaintiffs' salary or pay from Performance Tire, Inc. since it may have a bearing on Plaintiffs' claim that Performance Tire, Inc., a family business owned by Plaintiff Henry Sandoval, Jr., sustained damages in the amount of $2,000 as a result of Defendant Post's actions.

**Interrogatory No. 5**

Plaintiffs contend they have supplemented their answer to Interrogatory No. 5 and thus "there is nothing further to compel in response to this interrogatory." Pls.' Resp. to Mot. to Compel at 4.

**Interrogatory No. 12**

Interrogatory No. 12 seeks a "full description, including inclusive dates, of each physical or mental disorder, infirmity, injury, illness or abnormality that you ever had and for each identify each and every physician, psychologist, psychiatrist or other professional with whom you have consulted or by whom you have been treated." Def.'s Ex. A, Interrogatory No. 12.

Defendant Post contends Plaintiff Linda Sandoval failed to provide a list of care providers and failed to sign a HIPAA compliant medical release." Def.'s Mot. to Compel at 3. Plaintiff Linda Sandoval responded she had informed Defendant Post she not seen "any healthcare providers from five (5) years before the incident forming the basis of Plaintiffs' complaint to the present." Pls.' Resp. to Def.'s Mot. to Compel at 3. Plaintiff Linda Sandoval asserts she will execute a supplemental answer.

**Interrogatory No. 13**

Plaintiffs contend they have supplemented their answer to Interrogatory No. 13 and thus "there is nothing further to compel in response to this interrogatory." Pls.' Resp. to Mot. to Compel at 5.

**Interrogatory No. 15**

Plaintiffs contend they have offered to supplement their answer to Interrogatory No. 15 and thus "there is nothing further to compel in response to this interrogatory." Pls.' Resp. to Mot. to Compel at 5.

**Interrogatory No. 19**

In interrogatory No. 19, Defendant Post seeks information from each of the Plaintiffs about any and all firearms they might own. Def.'s Ex. A, Interrogatory No. 19. Defendant Post

contends "information regarding the Plaintiffs' ownership of firearms [ ] will demonstrate whether the actions of the Defendant were reasonable in light of the weapons in the possession of the Plaintiffs."  Def.'s Mot. to Compel at 4.  On the other hand, Plaintiffs counter that "whether Defendant Post's actions were reasonable, however, is determined in light of the information known to him at the time of the incident" and "there is no contention by Defendant Post that he had grounds to believe any of the Plaintiffs were armed, or that there were any weapons on the premises, during the incident."  Pls.' Resp. to Def.'s Mot. to Compel at 5.  Therefore, Plaintiffs object to Interrogatory No. 19 on the ground that it "appears to be a fishing expedition for information with which Defendant Post may seek to unfairly prejudice Plaintiffs rather than a search for discoverable information."  *Id.* at 5-6.

In this case, Plaintiffs allege their Fourth Amendment[1] right to be free from unreasonable seizure was violated when Defendant Post unlawfully detained them when he arrived at their family owned business, shouted obscenities and pointed a weapon directly at them.  Compl. ¶¶ 13-17; Compl. ¶31 ("Defendant Post seized Robert Sandoval without reasonable suspicion or probable cause to believe that he had committed or was committing a crime."); ¶45 ("Defendant Post detained Plaintiffs Henry Sandoval, Jr., Henry Sandoval, Sr., and Linda Sandoval with a show of force at their business premises.").  Plaintiff Robert Sandoval also alleges excessive use of force in violation of his Fourth and Fourteenth Amendment.  *Id.* ¶35 ("Defendant Post used physical force in seizing and detaining Robert Sandoval . . . including but not limited to dragging

---

[1] The Fourth Amendment reads in part: "The right of the people to be secure in their persons, houses, papers and effects, against unreasonable searches and seizures, shall not be violated . . . ."  U.S. Const., Amend. IV.  This constitutional guarantee is enforceable against the States through the Fourteenth Amendment.

him out from under a customer's car, slamming [him] onto the trunk of the customer's car, handcuffing him, and causing Robert to bang his head into Defendant Post's car.").

"Violation of the Fourth Amendment requires an intentional acquisition of physical control." *Holland ex rel. Overdorff v. Harrington*, 268 F.3d 1179, 1187 (10th Cir. 2001)(quoting *Brower v. County of Inyo*, 489 U.S. 593, 596 (1989)). There is no question that Plaintiffs were seized. The issue is whether they were "unlawfully" seized and whether Defendant Post's use of force was excessive and unreasonable. In *Holland*, the Tenth Circuit stated:

> The display of weapons, and the pointing of firearms directly at persons inescapably involves the immediate threat of deadly force. Such a show of force should be predicated on at least a <u>perceived risk of injury or danger to the officers or others, based upon what the officers know at that time</u>. These are the very ingredients relevant to an excessive force inquiry. Where a person has submitted to the officer's show of force without resistance, and where an officer has no reasonable cause to believe that person poses a danger to the officer or to others, it may be excessive and unreasonable to continue to aim a loaded firearm directly at that person, in contrast to simply holding the weapon in a fashion ready for immediate use.

*Id.* at 1192-93 (quotation and citation omitted)(emphasis added); *see also Phillips v. James*, 422 F.3d 1075, 1080 (10th Cir. 2005)("To be constitutionally permissible, an officer's use of force must be reasonable, which is measured from the perspective of a <u>reasonable officer on the scene</u>," recognizing that officers are sometimes forced to make split-second judgments" in uncertain and dangerous circumstances.")(quotation and citation omitted)(emphasis added).

As previously noted, Plaintiffs assert "there is no contention by Defendant Post that he had grounds to believe any of the Plaintiffs were armed, or that there were any weapons on the premises, during the incident." Pls.' Resp. to Def.'s Mot. to Compel at 5. Defendant Post did not dispute Plaintiffs' assertion, and presented no evidence showing Defendant Post had knowledge that Plaintiffs were armed or that there were any weapons on the premises at the time

of the incident.  Accordingly, the Court agrees with Plaintiffs that this discovery request "appears to be a fishing expedition."   The Court will not compel an answer to this discovery request.

**Requests for Production Nos. 7, 8, 10, 11**

Defendant Post complains Plaintiff Linda Sandoval "failed to provide a list of care providers and failed to sign a HIPAA compliant medical release."  Def.'s Mot. to Compel at 4. This matter was addressed under Interrogatory No. 12.  Additionally, Defendant Post contends Plaintiffs failed to provide him with "documentation . . . to support Plaintiffs' claim of damages for loss of business income and attorneys fees incurred in the criminal prosecution of Robert Sandoval," documentation that is responsive to Defendant's Request for Production Nos. 7, 8, 10, and 11.  *Id.*

Plaintiffs assert they "have agreed to provide supplemental information by describing how each of the individual Plaintiffs were affected by the lost business income, if at all."  Pls.' Resp. to Def.'s Mot. to Compel at 4.  Additionally, Plaintiff Robert Sandoval will "supplement by producing a copy of [his] fee agreement for criminal defense representation."  *Id.* at 5.

**Defendant Post's Request for Attorneys Fees Under FED.R.CIV.P. 37**

Rule 37 of the Federal Rules of Civil Procedure provides for sanctions to be paid to a moving party when a motion to compel is granted.  *See* FED.R.CIV.P. 37(a)(4)(A).  Rule 37 states in pertinent part:

> If a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions.
>
> If the motion is granted or if the disclosure or requested discovery is provided after the motion was filed, the court shall, after affording an opportunity to be heard, require the party . . . whose conduct necessitated the motion . . . to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees . . . .

8

Fed.R.Civ.P. 37(a)(2)(A) & (4)(A).

Defendant Post contends "Plaintiffs' failure to fully respond" to his "discovery requests justifies an award of costs and attorneys' fees reasonably expended" . . ."in compelling the Plaintiffs' responses." Def.'s Mot. to Compel at 6. Plaintiffs's counsel asserts:

> Defendant's counsel faxed a letter to Plaintiffs' counsel on December 27, 2007, seeking to resolve the discovery disputes raised in Defendant Post's motion to compel. Defendant's counsel made no further efforts to resolve these disputes, by placing a telephone call to Plaintiffs' counsel or otherwise, before filing the motion to compel on January 2, 2008. Unfortunately, Plaintiffs' counsel was not able to respond to the letter before the motion to compel was filed as a result of the intervening holiday and pressing briefing deadlines in other cases.

Pls.' Resp. to Def.'s Mot. to Compel at 1. The Court will deny Defendant Post's request for an award of costs and attorneys fees for the following reasons: (1) Plaintiffs' counsel only had three business days to respond to Defendant Post's inquiries before Defendant Post filed his motion to compel; (2) most of the disputes were resolved without the Court's intervention; and (3) Plaintiffs had legitimate objections to the disputed interrogatories and requests for production.

**NOW, THEREFORE,**

**IT IS HEREBY ORDERED** that Defendant Post's Motion to Compel to (sic) Discovery **[Doc. No. 16]** is granted in part and denied in part.

_____
**DON J. SVET**
**UNITED STATES MAGISTRATE JUDGE**